# Augustine W. Wright and O. W. Meysenburg v. Annie L. Hildreth.

1. INSTRUCTIONS—*A Party can not Complain of Error in, When Like Instructions Were Given at his Request.*—One party to a suit has no right to complain of error in an instruction given for the opposite party, when like error appears in an instruction given at his own request.

2. QUESTIONS OF LAW—*Are for the Court.*—An instruction which puts the question to the jury whether a pipe was lawfully placed in a street, should not be given; the law is not to be left to a jury.

3. CUSTOM AND USAGE—*Can not Justify the Creation of a Nuisance in a Street*—An instruction telling the jury that in determining whether the defendant had exercised ordinary and reasonable care for the safety of others, they should consider whether a water pipe lying on a crosswalk was placed and maintained in the way that was usual and ordinary, should be refused. No custom or usage can justify the creation of a nuisance in a street.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Mr. Presiding Justice SHEPARD dissenting. Opinion filed March 29, 1897.

OTIS H. WALDO, attorney for appellants.

REMY & MANN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants were engaged in the construction of a conduit for a cable railway in Dearborn street north of Van Buren. Much water was needed, which was brought through a two-inch iron pipe, turning north on Dearborn street across the cross-walk from west to east on Dearborn street on the north side of Van Buren.

By different witnesses this pipe is variously described; by some as lying upon the cross-walk, and by others as being on the top side three inches above the cross-walk, and as lying at distances varying from a few inches to three feet from the curb or edge of the sidewalk on the northeast corner of Dearborn and Van Buren streets.

November 3, 1893, about 6:15 P. M., the appellee was walking east on that cross-walk; when her toe caught in the pipe, she fell forward, struck her knee against the sidewalk, broke the knee cap, and received a permanent injury from which she has suffered great pain, and is partially disabled. For this she sued and has recovered $2,500. We regard the verdict in her favor as one which the evidence warranted the jury to find. It is true, that the evidence shows that there was abundant light at that corner, and that she knew that work was going on in Dearborn street near to the cross-walk, but none that she knew of the pipe, or had any other cause to look for it than the general duty of ordinary care for her own safety.

The court, on behalf of the appellee, instructed :

·" You are instructed that if you believe, from the preponderance of the evidence, that the defendants, Wright & Meysenburg, placed, or caused to be placed, the iron pipe in question in Dearborn street; and if you further believe, from the preponderance of the evidence, that the said pipe was not properly covered or guarded; and if you further believe from all the facts and circumstances, as the same may appear from the greater weight of the evidence, that the want, if any, of a proper guard or covering was negligence on the part of the said defendants; and if you further believe, from the preponderance of the evidence, that the absence of such guard or covering, if any, was the cause of the fall of the plaintiff; if you believe she did fall, and if you also believe, from the preponderance of the evidence, that the plaintiff, at and just before the time she fell, if you believe she fell, was using due care and caution to guard against injury to herself, then you should find a verdict for the plaintiff and assess her damages."

To that instruction the appellants make the objection that "it singles out for special comment particular portions of the evidence, thus giving undue prominence to them." Also, that the words " at and just before the time she fell," make the instruction erroneous.

The first objection is not based upon the fact; no portions

of the evidence are singled out, whatever other criticism the instruction may be subject to. We may not be understood as approving the instruction, but think it did no harm. Plaintiffs in this class of cases have much to fear from the zeal of counsel.

As to the second, the jury must have understood it as referring to her conduct before she had taken the step that brought her toe into contact with the pipe; and besides, the appellants, by instructions asked and given, limited the necessity of care on her part to " the time she was injured " or the " time of her injury."

" The defendant has no right to complain of error in an instruction given for the plaintiff, when like error appears in an instruction given at the defendant's request." Consolidated Coal Co. v. Haenni, 146 Ill. 614.

As to instructions asked by appellants, and refused, one put the question to the jury whether the pipe was " lawfully " placed in the street; the law is not to be left to a jury. Beidler v. Fish, 14 Ill. App. 29.

The others directed the jury that in determining whether the appellants were exercising ordinary and reasonable care for the safety of others, the jury should consider whether the pipe was placed and maintained in the way that was usual and ordinary.

The event has proved, what a very little reflection would have enabled the appellants to foresee, that this stumbling block was a peril to pedestrians.

No custom or usage of contractors can justify the creation of a nuisance in the street.

The judgment is affirmed.

MR. JUSTICE SHEPARD.

I think the judgment ought not to be affirmed, for the reason that, in my opinion, the appellee does not appear to have exercised reasonable care for her own safety.